IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY ELSTER,

    Petitioner,

v.

ROBERT AYERS JR.,

    Respondent.

No. C 08-03279 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Jerry Elster is currently serving his sentence at San Quentin State Prison in Marin County, California. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C 2254. The respondent is **ORDERED TO ANSWER** the petition.

## STATEMENT

Petitioner has been sentenced to 17 years to life for second-degree murder (with a sentencing enhancement for personal use of a firearm). He became eligible for parole on June 8, 1995. Between 1994 and 2003, he has been denied parole on six occasions.

He had his seventh hearing on September 13, 2005, when a panel of the California Board of Parole Hearings found him suitable for release. The Board adopted the panel's decision, which was still subject to the governor's power of review. On January 30, 2006, governor Arnold Schwarzenegger reversed the Board's decision to release petitioner on parole.

On September 6, 2006, Elster had his eighth hearing. Again, the panel's finding that he was suitable for release was adopted by the Board. On January 31, 2007, the governor reversed

the Board's decision to release petitioner on parole. Petitioner had his ninth parole hearing on September 19, 2007. This time, the Board found Elster unsuitable for release and deferred his parole consideration for another year. Elster currently argues that he was arbitrarily and capriciously denied his constitutionally-protected liberty interest in parole on the last three occasions (the governor's January 2006 and 2007 decisions and the Board's September 2007 decision). He says that all of the issues raised in this petition have been properly exhausted. Elster filed the instant action for federal habeas relief on July 8, 2008.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIMS.

Petitioner makes three claims. He argues that his rights to due process of law under the Fifth and Fourteenth Amendments were violated in January 2006 when the governor determined that he was unsuitable for parole, in the absence of any evidence in the record and a rational connection between his findings and conclusions. He asserts similar claims for the governor's January 2007 decision and the Board's September 2007 decision. Petitioner states valid claims. The state therefore must answer.

## CONCLUSION

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition, all attachments to it, and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY SEPTEMBER 12, 2008, AN ANSWER** conforming to Rule 5 of the Rules governing Section 2254 Cases in the United States District Courts. Respondent shall, by that

date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed. If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated: July 11, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3