United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY ELSTER,

    Petitioner,

v.

R. K. WONG, Warden of
San Quentin State Prison,

    Respondent.
_____/

BOARD OF PAROLE HEARINGS,
ARNOLD SCHWARZENEGGER,

    Governor,
    Real Parties in Interest.
_____/

No. C 08-03279 WHA

**ORDER DENYING
RESPONDENT'S MOTION TO
DISMISS AND VACATING CASE
MANAGEMENT CONFERENCE**

**INTRODUCTION**

    In this federal habeas action, this order denies respondent's motion to dismiss. Petitioner was released on parole from his indeterminate sentence after he filed this habeas action but remains in prison serving a sixteen-month consecutive sentence for a different crime. Respondent argues that because petitioner Jerry Elster has already been paroled from the indeterminate sentence at issue, his petition is moot. For the following reasons, the motion is **DENIED**.

**STATEMENT**

This petition challenges repeated refusals of state authorities to parole petitioner on a murder sentence of seventeen years to life. Recently, however, he was so paroled on that sentence but remains in prison on a separate consecutive sentence for a different crime.

More specifically, petitioner Jerry Elster argues that he was arbitrarily denied parole on his indeterminate sentence on three separate occasions beginning in January 2006. In September 2005, the California Board of Parole Hearings adopted a panel's decision that found him suitable for release. On January 30, 2006, Governor Arnold Schwarzenegger reversed the board's decision to release Elster on parole. Again, on January 31, 2007, the governor reversed another decision by the board to release Elster on parole. He had his ninth parole hearing in September 2007 when the board found Elster unsuitable for release and deferred his parole consideration for another year. In September 2008, the board released Elster on parole and the governor declined to review the board's decision. Elster argues that the governor's January 2006 and 2007 decisions and the board's September 2007 decision violated his due process rights.

Elster filed a petition for writ of habeas corpus in the Superior Court of Los Angeles County in March 2006 challenging the governor's 2006 parole denial (Ans. Exh. A). The superior court denied his petition. In October 2007, he raised the same claim in the California Court of Appeal (Ans. Exh. C), which also denied the petition. He petitioned to the California Supreme Court for review in December 2007 (Ans. Exh. E), and the state Supreme Court summarily denied his petition.

In December 2007, Elster filed a second petition for writ of habeas corpus in the Superior Court of Los Angeles County, challenging the governor's 2007 parole denial and the board's 2007 parole denial (Ans. Exh. G). The superior court denied the petition. In March 2008, Elster raised an identical claim in the California Court of Appeal (Ans. Exh. I). The Court of Appeal summarily denied the petition. In April 2008, Elster raised the same claim in the California Supreme Court (Ans. Exh. K), and the state Supreme Court summarily denied the petition.

2

Elster filed this federal habeas petition on July 8, 2008, to challenge the various parole denials. Elster was subsequently granted parole in September 2008 by the board, and the governor declined to review the board's favorable decision. Elster's current sentence for possession of a concealed weapon was imposed by the San Joaquin Superior Court in March 1986 during his third year in prison while serving his indeterminate sentence.

Respondent filed this motion to dismiss on April 3, 2009, arguing that Elster's petition for habeas corpus is now moot because "the only available remedy would be an order vacating the Governor or Board's decisions and remanding Elster's case to the state executive with instructions to proceed in accordance with due process" and that "this remedy is now meaningless" (Br. 3). Respondent also argues that Elster has not exhausted his state court remedies for the relief requested.

**ANALYSIS**

**1.     MOOTNESS.**

Contrary to respondent, this case is not moot even though petitioner has been paroled on the sentence in question. The reason is that he remains in prison on a different sentence and if he wins this case, his remaining sentence can be reduced accordingly.

The Supreme Court has held that consecutive sentences "should be treated as a continuous series" for the purpose of habeas relief. *Garlotte v. Fordice*, 515 U.S. 39, 40 (1995). In *Garlotte*, the petitioner's case was not moot when he attacked a conviction underlying the sentence that ran first in a consecutive series and that "(1) has been completed in terms of prison time served, but (2) continues to postpone the prisoner's date of potential release." *Id*. at 43. Garlotte, who was serving a three-year sentence followed by an indeterminate sentence of at least ten years, had already completed his three-year sentence and began serving his indeterminate sentence before he filed his petition in the district court. The Court held that "Garlotte's challenge, which will shorten his term of incarceration if he proves unconstitutionality, implicates the core purpose of habeas review." *Id*. at 47.

In a petition for writ of habeas corpus, the district court has the power to "dispose of the matter as law and justice require." 28 U.S.C. 2243. In *McQuillion v. Duncan*, 342 F.3d 1012

3

(9th Cir. 2003), the Ninth Circuit addressed the question of whether procedural violations are limited to procedural remedies for habeas petitions. In that case, the district court had granted a writ of habeas corpus on remand from the Ninth Circuit for a prisoner who requested that he be immediately released for having been denied a constitutionally protected interest in freedom where the parole board had rescinded a parole date as improvidently granted. On his second appeal to the Ninth Circuit, the respondent requested that the prisoner not be released without a mandatory three-year accompanying parole. The Ninth Circuit held that "the three-year parole, which he would have been required to serve if he had been released on time, has long since expired," and thus ordered his immediate release. *Id*. at 1015. The decision reasoned that the release date was the triggering event for the three-year parole period, which the court equitably canceled because that fixed period would have expired had the petitioner been properly and earlier released.

By analogy to *Garlotte* and *McQuillion*, meaningful relief can still be granted to Elster if the parole denials were unconstitutional. Elster is currently serving a consecutive sentence of sixteen months and seeks to attack due process violations from the prior sentence that "continue to postpone his date of potential release." *Garlotte*, 515 U.S. at 43. This is precisely the situation that the Supreme Court was speaking to when it held that the challenge to a prior term, which could shorten the overall release date, "implicates the core purposes of habeas review." *Id*. at 47.

The Ninth Circuit's holding in *McQuillion* forecloses respondent's argument that Elster's only available remedy would be an order remanding his case to the state executive for a new hearing. Elster's release date from the sentence that ran first in the series was the triggering event for the sixteen-month consecutive sentence that he is now serving. If Elster proves that the parole denials were unconstitutional and that he should have been released, then his expected release date would have been in September 2007 at the latest. Elster's sixteen-month consecutive sentence analogous to a mandatory parole period would have "long since expired."

4

1  *McQuillion*, 342 F.3d at 1015.  Furthermore, *McQuillion* declined to remand the case to the

2  Board of Prison Terms or to the governor because a "remand would be futile," stating:

3  > In this case, the Governor could request the Board to reconsider whether the Board in 1979 had improvidently granted a parole
4  > date, but this is precisely the question the Board decided in 1994. For the reasons recounted above, a request to the Board that it
5  > reconsider that question would serve no purpose.

6  *Id*. at 1016.  The Ninth Circuit reasoned that none of the grounds relied on by the board in its

7  1994 decision was supported by "some evidence," thus rendering a remand to the board

8  meaningless.  It would be similarly futile to remand Elster's case to the board for a rehearing

9  because he has already been released from the prior sentence and is currently serving his

10 sixteen-month consecutive sentence.  The only meaningful remedy available to Elster if he

11 proves his case is to reverse the governor's or the board's decisions and to advance his overall

12 release date by the time he spent in prison as a consequence of the alleged due process violation.

13      This order rejects respondent's argument that the immediate cause of Elster's current

14 imprisonment was his possession of a concealed weapon and not the wrongful denials of parole.

15 Respondent cites *Burnett v. Lampert*, 432 F.3d 996 (9th Cir. 2005), for the proposition that a

16 petition is moot when the "unlawful action alleged in the petition is no longer the immediate

17 cause of [the] petitioner's imprisonment" (Reply Br. 2).  *Burnett* is inapposite.  There, the

18 petitioner was released on parole and subsequently re-imprisoned for the remainder of his

19 original sentence for violating the terms of his parole.  He brought a petition for writ of habeas

20 corpus attacking the parole board's actions prior to his first release on parole.  The Ninth Circuit

21 distinguished *McQuillion* because Burnett had already been released on parole and

22 re-imprisoned for a parole violation.  The ongoing imprisonment there at issue was not a direct

23 consequence of the parole board's actions but rather a result of a parole violation.

24      *Burnett* does not apply here.  If Elster proves his case, then he will have served too long

25 on the first sentence and his second sentence can be reduced accordingly.

26      This order also rejects respondent's argument that Elster is limited to procedural

27 remedies.  Respondent cites *Raditch v. United States*, 929 F.2d 478 (9th Cir. 1991), as

28 standing for the proposition that a procedural violation is limited to procedural remedies.

5

*Raditch*, however, concerned due process in the context of unemployment benefits. The case was dismissed after finding that "Mr. Raditch's due process rights were not violated." *Id.* at 480. At best, *Raditch* stands for the narrow proposition that "an intentional deprivation of a property right by a government official, in violation of established procedures . . . [,] does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for that loss is available." *Id*. at 480–81 (citations omitted).

The present action is distinguishable. *First*, Elster argues that he has been deprived a constitutional interest in freedom from imprisonment, not property rights. *Second*, as previously discussed, a meaningful procedural remedy is not available to Elster, since he is no longer serving the first sentence in the series which he challenges.

In conclusion, Elster's petition for writ of habeas corpus is not moot because meaningful relief can still be granted.

### 2. EXHAUSTION.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal habeas petitioner must exhaust his claims in state court before presenting them to federal court. The exhaustion doctrine reflects a policy of federal-state comity and requires petitioners to fairly present each federal claim to the highest state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). Fair presentation requires that "petitioner describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal citation omitted). If state remedies have not been exhausted as to all claims, the district court must dismiss the petition.

This order finds that petitioner has fairly presented his claim to the state Supreme Court and thus exhausted his state remedies. In respondent's answer to an order to show cause, respondent admitted that Elster "exhausted his state court remedies regarding the claims that the Governor's 2006 and 2007 parole denials and the Board's 2007 parole denial violated his

6

federal due process rights" (Ans. 2). Respondent now argues, however, that Elster's request for relief has not been exhausted in the state courts because "Elster's petition for review to the California Supreme Court contains no mention of the credit issue" (Reply Br. 2). For this motion, the issue of exhaustion turns on whether Elster's claim that the duration of his wrongful incarceration be credited towards his sixteen-month sentence is the same claim as his alleged due process violation raised at the state Supreme Court.

This order finds that these issues constitute the same claim. Petitioner's request for equitable relief in the form of custody credits is merely a remedy for his underlying federal due process claim.

In determining if a claim has been exhausted, the Ninth Circuit asks whether the petition to the highest state court "explicitly alerted the court that petitioner was making a federal constitutional claim." *Galvan v. Alaska Dept. of Corrections*, 397 F.3d 1198, 1205 (9th Cir. 2005). In fact, California Rule of Court 8.508 provides requirements for such "petitions for review to exhaust state remedies." Its relevant part reads:

> After decision by the Court of Appeal in a criminal case, a defendant may file an abbreviated petition for review in the Supreme Court for the sole purpose of exhausting state remedies before presenting a claim for federal habeas corpus relief. . . [The petition] must include: (A) [a] statement that the case presents no grounds for review under rule 8.500(b) and the petition is filed solely to exhaust state remedies for federal habeas corpus purposes; (B) [a] brief statement of the underlying proceedings, including the nature of the conviction and the punishment imposed; and (C) [a] brief statement of the factual and legal bases of the claim.

Cal. Rules of Court, Rule 8.508(a)–(b). Elster's petition to the state supreme court satisfied each of these statutory requirements. It specifically stated that "this petition is filed solely to exhaust state remedies for federal habeas corpus purposes" (Ans. Exh. K at 1). It also stated the federal legal basis for determining whether a parole denial that is not supported by "some evidence" is a violation of the Fourteenth Amendment of the United States Constitution (Ans. Exh. K at 17). Finally, Elster's petition stated the factual basis of his parole denials could support such a claim.

In conclusion, Elster's petition for review to the California Supreme Court satisfied the principles of comity that the exhaustion doctrine protects. Because petitioner's request for

7

equitable relief in the form of custody credits is part of his underlying federal due process claim, the issue has been exhausted at the state courts.

### 3. SPECIFICITY OF PRAYER FOR RELIEF.

This order rejects respondent's argument that Elster's petition is incomplete because it does not specifically pray that Elster's time wrongly spent in prison be credited against his sixteen-month consecutive term (Reply Br. 2). As previously discussed, Elster cites the facts necessary to state a claim and the federal legal theory on which that claim is based. His petition also prays for the wrongful decisions to be reversed and "to immediately release [p]etitioner" (Pet. 20–21). Elster's petition and prayer for relief are sufficient for relief to be granted.

## CONCLUSION

Elster's petition for writ of habeas corpus is not moot because meaningful relief can still be granted if Elster proves that the governor's or the board's denials were unconstitutional. He has also exhausted all of his claims at the state court. For the reasons stated, the motion to dismiss is **DENIED**.

The case management conference set for June 11, 2009, is now **VACATED** as unnecessary.

**IT IS SO ORDERED.**

Dated: June 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8